UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WALTER MILLER,

                  Plaintiff,

vs.

T. SCHOELLKOPF, Hearing Officer,

                  Defendant.

**DECISION**
**and**
**ORDER**

**08-CV-63S(F)**

_____

APPEARANCES:        WALTER MILLER, *Pro Se*
                              88-A-8364
                              Sing Sing Correctional Facility
                              354 Hunter Street
                              Ossining, New York   10562-5498

                              ANDREW M. CUOMO
                              NEW YORK ATTORNEY GENERAL
                              Attorney for Defendant
                              DELIA D. CADLE,
                              Assistant New York Attorney General, of Counsel
                              350 Main Street, Suite 300A
                              Buffalo, New York   14202

In this Section 1983 civil rights action alleging due process violations in Plaintiff's prison disciplinary hearings conducted by Defendant, Plaintiff requests sanctions in connection with Plaintiff's motion to compel documents. Specifically, Plaintiff moved to compel, Doc. No. 23, production of certain records regarding the disciplinary hearing at issue, in particular, a record reflecting that Plaintiff's hearing and punishment were reversed on administrative appeal and indicating the rationale for such reversal. Following eventual production of the requested documents, Plaintiff agreed Plaintiff's motion to compel was moot, Doc. No. 27 ¶ 2, however, Plaintiff avers that the reasons

given by Defendant's attorney for the delayed response demonstrate Defendant's attorney and certain Department of Corrections officials misrepresented the facts surrounding production of the document warranting sanctions. *Id.* ¶ ¶ 3-17.

Defendant's attorney opposed the request by Declaration of Delia D. Cadle, Doc. No. 29, stating that the delayed production was caused by Cadle's unintentional confusion as to the identity and location of the disputed document, and was not purposeful. Cadle Declaration at 3. Plaintiff's initial request was made in October 2009; Defendant's correct production was provided to Plaintiff in February 2009. *Id.* ¶ 6. Cadle state she regrets any "inconvenience"caused by the delay in correctly identifying the document and its production. Cadle, however, denies engaging in sanctionable conduct, asserting that, at best, the problem resulted from an "inadvertent" "mistake." Cadle Declaration ¶ 10.

Under Fed.R.Civ.P. 37, imposition of sanctions is discretionary, *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (reviewing district court's imposition of sanctions under Rule 37 for abuse of discretion), and discovery delays which result from inadvertent oversight without prejudice to the requesting party, are not sanctionable. *See Outley v. New York*, 837 F.2d 587, 590 (2d Cir. 1988) (attorney's "good faith oversight" in providing supplemental witness disclosures not a factor warranting sanctions). *See also, Bellinger v. Deere & Co.*, 881 F.Supp. 813, 817 (N.D.N.Y. 1995) (citing *Outley*, 837 F.3d at 590). Here, while Plaintiff strenuously contends the delay to be purposeful and Cadle's explanation, as well as those of the Department of Corrections official, Mr. Bezio, to be an outright misrepresentation, if not perjury, Plaintiff provides insufficient evidence to support these assertions. Notably,

2

Plaintiff does not point to any prejudice to the merits of his claims caused by the delayed production of the document, nor does the court perceive any. Accordingly, Plaintiff is not entitled to sanctions.

## CONCLUSION

Based on the foregoing, Plaintiff's request for sanctions is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: August 11, 2010
    Buffalo, New York

PLAINTIFF IS ADVISED THAT ANY APPEAL OF THIS DECISION AND ORDER MUST BE TAKEN BY FILING WRITTEN OBJECTION WITH THE CLERK OF COURT **NOT LATER THAN 14 DAYS** AFTER SERVICE OF THIS DECISION AND ORDER IN ACCORDANCE WITH FED.R.CIV.P. 72(a).